Gershengorn, J.
Plaintiff, Maria Tauro filed a complaint against defendants A. Gange & Sons, Anthony Gange and Paul Gange (“defendants”) alleging that over the course of the ten (10) years she was employed by the defendants she was subjected to verbal sexual harassment. In her complaint and in her deposition, plaintiff alleges that she has sustained extreme emotional, psychological, physical and monetary harm, as a result of the alleged harassment.
Defendants seek to compel production of medical psychological records from her specified two physicians and two psychiatrists and pursuant to G.L.c. 233, §20B(c).
Plaintiff alleges the material requested is privileged pursuant to G.L.c. 233.
The defendants’ motion to compel is allowed subject to certain terms and conditions.
FINDINGS AND DISCUSSION
In this case the plaintiff has introduced her mental and emotional condition as an element of her claim. Medical/psychological records may reveal mental and emotional distress caused by prior, unrelated events. General laws c. 233, §20B(c) provides a waiver of the psychotherapist/patient privilege where the patient introduces her mental or emotional condition as an element of her claim or defense and the judge finds that it is more important to the interests of justice that the communication be disclosed than that the relationship be protected. G.L.c. 233, §20B(c). I so find.
Plaintiff seeks to prove that she has suffered great emotional, psychological and physical harm as a result of defendants’ actions. She has named doctors whose help she sought. Defense counsel should have the right to inquire into plaintiffs treatment for the purpose of showing that the distress was caused at least in part by circumstances other than those that were job related. Defense counsel must be allowed additionally to test opinions that may be given by therapists, if any such opinion is anticipated.
This Court orders release of the medical psychological records to defense counsel subject to the following terms and conditions.
ORDER
1. Counsel shall have access to the records solely in their capacity as officers of the court. Counsel shall not disclose or disseminate any portion of the contents of the treatment records to anyone, including the defendant, without prior application to and an order of the court.
2. The treatment records sought by the defendant shall be made available to counsel in the Court House during regular business hours under arrangements to be made by the clerk. Counsel may read and make notes concerning the treatment records, but no portion of the treatment records shall be photocopied or reproduced without prior application to and an order of the Court.
3. Counsel shall not offer or adduce any portion of the victim’s treatment records in evidence at trial or in connection with any other proceeding except on order of the Court.
4. At the conclusion of any trial or other disposition of this action, counsel shall deliver to the clerk, under seal, all originals and all copies of any treatment records produced to counsel for the defendant pursuant to any subsequent order of the Court.